UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAN RICHARD ANDERSON,

        Plaintiff,

v.                                  Case No. 07-C-1077

SHERIFF DAVID BETH, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Anderson, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Sturtevant Transitional Facility.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

2

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's filing is somewhat confusing. He has filed a form complaint using the Western District form. In that complaint, he brings three unrelated claims involving an abscessed tooth, disciplinary action received due to a forgery allegation, and odors in cells deriving from fresh paint. He has also attached to the form complaint a hand-written complaint in which he asserts negligence and deliberate indifference to his need for methadone treatment.

The Seventh Circuit, in *George v. Smith,* mandated that district courts dismiss actions that bring multiple unrelated claims. 507 F.3d 605 (7th Cir. 2007). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. Instead, Rule 20 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to *all* defendants. Fed. R. Civ. P. 20(a)(2)(B). Here, the two complaints name Sheriff David Beth as well as "all county jail officials, corporals, SGTs, nurses, doctors and Jane and John Does." (Compl. at 2.) Apart from the impermissible breadth of this purported list of defendants, there is no indication that any of the various claims against all of these unnamed individuals have the common nexus of facts that are required for joinder. Joinder of all of these defendants is therefore inappropriate.

The analysis is somewhat more generous for *claims* than it is for parties: the rules allow a party to bring multiple claims – related or not – against a single party in one action. Fed. R. Civ.

3

P. 18(a). Here the defendant Sheriff David Beth seems to be the common denominator, and it is thus conceivable that the plaintiff could proceed with his multiple claims against Beth by himself. Even so, there is no indication that Beth was personally involved in any of the claims the plaintiff brings. Just as a federal complaint is not the proper forum for an airing of multiple grievances, the county sheriff is generally not the proper party to answer for every constitutional wrong merely because he is in charge. The doctrine of *respondeat superior* does not apply, meaning that the supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts are implicated. In other words, liability under § 1983 must be based on the defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Because the complaint alleges no personal involvement on the part of defendant Beth, it will be dismissed.

The complaint will be dismissed without prejudice. If the plaintiff wishes to proceed further, he may file an amended complaint within thirty days. In doing so, the plaintiff may bring multiple claims against a *single* party; he may also join in that action any other defendants as to whom there is a common issue of law or fact. He may not, however, bring multiple claims against multiple parties unless there is a factual or legal issue common to *all* defendants named in the action. For example, if he wishes to proceed on his methadone claim, he should file an amended complaint naming any individuals he believes violated his constitutional rights on that basis. If those individuals are the same ones he believes were deliberately different to his abscessed tooth, he may add that claim as well. Practically speaking, however, given the varied nature of the allegations raised, it is unlikely that the plaintiff will be able to bring all four claims in a single action. It seems

more likely that if the plaintiff wishes to proceed on each of his four claims, he will have to file multiple lawsuits and pay a filing fee for each one.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice; the plaintiff may file an amended complaint in accordance with this order within thirty days. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. *See* Civil L.R. 15.1.

**IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* is **GRANTED**. The warden or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Dated this   23rd   day of January, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

5

Case 1:07-cv-01077-WCG   Filed 01/24/08   Page 5 of 5   Document 5